IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02791-BNB

VITO J. KERSHAW,

      Plaintiff,

v.

THE PEOPLE OF COLORADO,
SHERRIE O'BRIAN, Clerk-Recorder,
NANCY A. DOTY, Clerk-Recorder,
CRYSTAL S. YUSTEN, Clerk-Recorder, and
ARAPAHOE COUNTY BOARD OF COMMISSIONERS,

      Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 0 1 2010

GREGORY C. LANGHAM
              CLERK

---

## ORDER OF DISMISSAL

---

      Plaintiff Vito J. Kershaw is an inmate at the Arapahoe County Detention Facility in Centennial, Colorado. Mr. Kershaw initiated this action by filing *pro se* a motion asking the Court to investigate the accuracy of a transcript of a hearing in his state court criminal case. On December 15, 2009, Mr. Kershaw filed a Prisoner Complaint. On December 17, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Kershaw to file an amended complaint that complies with the Court's local rules and that clarifies the claims he is asserting in this action. On January 7, 2010, Mr. Kershaw filed an amended Prisoner Complaint pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated.

      Mr. Kershaw has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the amended

complaint at any time if the claims asserted are frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  For the reasons stated below, the Court will dismiss the amended complaint as legally frivolous.

The Court must construe the amended complaint liberally because Mr. Kershaw is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant.  *See id.*  For the reasons stated below, the action will be dismissed.

Mr. Kershaw's claims arise out of the proceedings in his state court criminal cases.  The Court notes initially that Mr. Kershaw fails to provide a clear and concise statement in the amended complaint of the factual allegations in support of the claims he is asserting.  Therefore, the Court's recitation of facts is based on the allegations in the amended complaint as well as the allegations and information contained in the various documents attached to the amended complaint as exhibits.

Mr. Kershaw alleges that he was charged with unspecified offenses in Arapahoe County District Court case number 07CR460.  He further alleges that a hearing was

2

held in that case on February 12, 2007, and that the charges against him were
dismissed with prejudice because he had been arrested without probable cause.
Despite the fact that the charges against him in 07CR460 allegedly were dismissed with
prejudice, Mr. Kershaw contends that he was charged with the same offenses in
Arapahoe County District Court case number 07CR526.  He further contends that his
motion to dismiss the charges in 07CR526 on double jeopardy grounds was denied by
the trial court on March 30, 2009, and that he has filed an appeal from the denial of his
motion to dismiss.  It is not clear whether Mr. Kershaw has been convicted of any
charges in 07CR526.

It appears that Mr. Kershaw's appeal from the order denying his motion to
dismiss the charges in 07CR526 currently is pending in the Colorado Court of Appeals.
In connection with that appeal, Mr. Kershaw asserts that he obtained a transcript of the
February 12, 2007, hearing to demonstrate that the charges against him had been
dismissed with prejudice in case number 07CR460.  However, Mr. Kershaw alleges that
the copy of the transcript produced by the Arapahoe County District Court was altered
and does not reflect accurately what occurred during the February 12, 2007, hearing.
According to Mr. Kershaw, the transcript does not indicate that a final judgment
dismissing the charges with prejudice was entered in 07CR460.

In the instant action, Mr. Kershaw has named as Defendants the individual who
transcribed the February 12, 2007, hearing; the appeals clerk for the Arapahoe County
District Court; an individual identified as the head clerk/recorder for the Arapahoe
County District Court; the People of the State of Colorado; and the Board of County
Commissioners for Arapahoe County.  As noted above, Mr. Kershaw asserts his claims

3

in this action pursuant to 42 U.S.C. § 1983.  As Magistrate Judge Boland advised Mr.

Kershaw, § 1983 "provides a federal cause of action against any person who, acting

under color of state law, deprives another of his federal rights." ***Conn v. Gabbert***, 526

U.S. 286, 290 (1999).  "[T]he purpose of § 1983 is to deter state actors from using the

badge of their authority to deprive individuals of their federally guaranteed rights and to

provide relief to victims if such deterrence fails." ***Wyatt v. Cole***, 504 U.S. 158, 161

(1992).

Mr. Kershaw contends that he has been denied due process and subjected to

double jeopardy because the criminal charges in 07CR526 have not been dismissed.

However, Mr. Kershaw's belief that his constitutional rights have been violated because

state court criminal charges against him have not been dismissed does not give rise to

any constitutional claim against the Defendants in this action.  If, at the conclusion of

the state court criminal proceedings and after exhausting state remedies, Mr. Kershaw

stands convicted of any offenses and he seeks to challenge the conviction or

convictions in federal court on the basis that his federal constitutional rights were

violated in the course of the state court criminal proceedings, he may raise his claims in

federal court by filing an application for a writ of habeas corpus.

With respect to Defendants in this action, who allegedly tampered with evidence

and altered the transcript of the February 12, 2007, hearing, Mr. Kershaw specifically

asserts in the amended complaint only that Defendants have committed a federal

crime.  He describes the nature of this action as follows:

> This Complaint Lawsuit for [sic] an investigation of a federal
> crime, that elected officials tampered with evidence.  All
> named defendants are in charge and control, the audio and

4

transcripts that have not only, been changed, but also is [sic] missing crucial evidence and the "final Judgement" [sic]. That is in term [sic] violation Mr. Kershaw's constitutional rights.

(Am. Prisoner Compl. at 3.)

To the extent Mr. Kershaw is attempting to initiate a federal criminal prosecution by invoking the authority of United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States, he lacks standing to do so. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. ***See, e.g., Cok v. Cosentino***, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); ***Connecticut Action Now, Inc. v. Roberts Plating Co.***, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); ***Winslow v. Romer***, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Therefore, Mr. Kershaw may not pursue any criminal charges against Defendants.

In conclusion, Mr. Kershaw alleges only that Defendants have committed a federal crime by tampering with evidence and altering a transcript of a state court hearing that he believes will demonstrate his constitutional rights are being violated in the course of an ongoing state court criminal case. He does not allege specific facts in support of any actionable federal constitutional claims against Defendants pursuant to § 1983. The constitutional violations referenced by Mr. Kershaw in his amended complaint relate to his ongoing state court criminal case and are not asserted against Defendants in this action. Furthermore, it appears that the alleged constitutional

5

violations are the subject of Mr. Kershaw's pending state court appeal.   Therefore,

because the facts alleged by Mr. Kershaw do not support any arguable federal

constitutional claim against Defendants, the instant action is legally frivolous and must

be dismissed.   Accordingly, it is

ORDERED the complaint, the amended complaint, and the action are dismissed

as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).   It is

FURTHER ORDERED that the motion to investigate filed on December 1, 2009,

is denied.

DATED at Denver, Colorado, this _1st_ day of _____February_____, 2010.

BY THE COURT:

_____

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-02791-BNB

Vito Joseph Kershaw
Prisoner No.  200800011265
Arapahoe County Det. Facility
PO Box 4918
Englewood, CO 80155-4918

        I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the
above-named individuals on  2/1/10

                                GREGORY C. LANGHAM, CLERK


                                By: _____
                                            Deputy Clerk